# EXHIBIT A

| | |
|---|---|
| DOUGLAS COUNTY DISTRICT COURT, COLORADO<br>4000 Justice Way, Suite 2900<br>Castle Rock, CO 80109<br>720-437-6200 | DATE FILED: October 30, 2019 4:29 PM<br>FILING ID: 4035CE2B89F4E<br>CASE NUMBER: 2019CV30924 |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>HP, INC., a Delaware corporation,<br><br>Defendant | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff:*<br>Cheri MacArthur, #41013<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>720-479-3900<br>cmacarthur@cozen.com | Case No.: _____<br><br>Division: _____ |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, American Family Mutual Insurance Company, S.I., by and through its attorneys, complains and alleges as follows:

**Parties, Jurisdiction and Venue**

1. At all times relevant, Plaintiff American Family Mutual Insurance Company, S.I. ("Plaintiff" or "AmFam") is, and was, a Wisconsin corporation, with its principal place of business located at 6000 American Parkway, Madison, Wisconsin and was authorized to issue policies of insurance in the State of Colorado.

2. At all times relevant, Plaintiff insured the real and personal property owned by Paula Linard ("Linard"), located at 5088 E. Crestone Avenue, Castle Rock, Colorado (the "Subject Property").

3. At all times relevant, Defendant HP, Inc. ("HP") is, and was, a Delaware corporation with its principal place of business located at 1501 Page Mill Road, Palo Alto, California.

1

4. Venue is proper in this Court pursuant to C.R.C.P. Rule 98 because the acts, events and omissions giving rise to the claims in this civil action occurred in Castle Rock, Douglas County, Colorado.

## General Allegations

5. Upon information and belief, in or about December 2017, Linard purchased an HP 15 Notebook PC (the "Notebook"). The Notebook was used by Linard's family members in the Subject Property.

6. Upon information and belief, at all times relevant herein, Defendant HP developed, designed, manufactured, assembled, tested, sold and distributed the Notebook.

7. On December 1, 2018, a fire occurred at the Subject Property. The fire occurred as a result of a malfunction within the Notebook. Specifically, the batteries within the Notebook failed, overheated and caused the fire. The fire caused significant damage and destruction to the Subject Property and the personal property therein.

8. As a result of the fire, Plaintiff AmFam paid monies to and on behalf of its insured for damage to its property and for other losses and damages caused by the failure. Plaintiff also incurred damages due to Linard's loss of use of the Subject Property during the time in which repairs to the Subject Property were completed. Plaintiff is now contractually and equitably subrogated to the claims of its insured to the extent of such payments made.

## First Claim for Relief
### (Negligence)

9. Plaintiff incorporates each and every preceding allegation of this Complaint as if fully set forth herein.

10. Defendant HP developed, designed, manufactured, assembled, labeled, tested, sold and distributed the Notebook. As a manufacturer, distributor and/or seller of a consumer product, Defendant owed a duty to Plaintiff to provide safe and quality products, provide a product that would perform as it was intended and expected and provide adequate warnings for the safe use of the product.

11. Defendant knew, or reasonably should have known, that the Notebook was defective and dangerous, or was likely to be dangerous when used in a reasonably foreseeable manner.

12. Defendant knew, or reasonably should have known, that Plaintiff would not realize that the Notebook was defective and posed a danger of causing substantial property damage.

13. Defendant was negligent in that it failed to exercise reasonable care to prevent the Notebook from creating an unreasonable risk of harm to the property of Plaintiff's insured, which might reasonably be expected to be affected by the Notebook.

14. At all times relevant, the Notebook was being used in the manner Defendant might have reasonably expected.

15. Defendant's negligence was a substantial factor in causing the harm suffered by Plaintiff.

16. As a direct and proximate result of the failure of Defendant's Notebook, Plaintiff incurred damages and losses in amounts to be proven at the time of trial. Plaintiff has suffered actual damages in the amounts it paid to remediate property damage caused by the fire and replace damaged personal property, along with other consequential and incidental damages.

## Second Claim for Relief
**(Strict Liability)**

17. Plaintiff incorporates each and every preceding allegation of this Complaint as if fully set forth herein

18. Defendant HP manufactured, designed, sold, and distributed the defective Notebook to consumers, including Plaintiff AmFam's insured.

19. Defendant HP was engaged in the business of selling such Notebooks for use by consumers such as Linard.

20. The Notebook was defective in its design and/or manufacture and because of the defects, it was unreasonably dangerous to the property of Linard, whom might reasonably be expected to be affected by the Notebook.

21. The Notebook was defective at the time it was sold by, or left Defendant's custody and control.

22. The Notebook was expected to reach the user without substantial change in the condition in which it was sold.

23. The Notebook did reach the user without substantial change in the condition in which it was sold.

24. As a direct and proximate result of the failure of Defendant's Notebook, Plaintiff incurred damages and losses in amounts to be proven at the time of trial. Plaintiff has suffered actual damages in the amounts it paid to remediate property damage caused by the fire, along with other consequential and incidental damages.

### Third Claim for Relief
### (Breach of Implied Warranties)

25. Plaintiff incorporates each and every preceding allegation of this Complaint as if fully set forth herein.

26. Defendant HP sold and distributed the defective Notebook to a consumer.

27. Linard and her family were reasonably expected to use or be affected by the Notebook.

28. Defendant HP was a merchant with respect to the type of product involved.

29. The Notebook was not of merchantable quality at the time of sale.

30. This breach of warranty caused Linard, and AmFam, damages and losses.

31. Within a reasonable time after the breach of warranty was discovered, Defendant HP was notified of the breach.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief from the Defendant as follows:

a. For damages in an amount to be proven at the time of trial;

b. For interest, costs and attorney fees allowable by law; and

c. For such other and further relief as the court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY AND
### TENDERS THE JURY FEE HEREWITH.

Dated this 30th day of October 2019.

COZEN O'CONNOR

Cheri MacArthur

*Attorneys for Plaintiff*
*American Family Mutual Insurance Company, S.I.*

4

**Plaintiff's Address:**

American Family Mutual Insurance Company, S.I.
6000 American Parkway
Madison, WI 53783